IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-513
3:04-CR-250-19

| | |
|---|---|
| RAYMON ROGER SURRATT, JR. ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon the Court's Order, (Doc. No. 4), setting this matter for oral argument on Petitioner's Motion to Vacate, (Doc. No. 1), and the Government's Response, (Doc. No. 3). In addition to the issues raised in the pleadings, the parties should be prepared to address at the hearing, with supporting legal authority:

1. Does this Court have jurisdiction over Petitioner's claim under 28 U.S.C. § 2255 considering the United States Court of Appeals for the Fourth Circuit denied his motion under 28 U.S.C. § 2244 to authorize the district court to consider a second or subsequent § 2255 motion, (In re: Surratt, No. 12-283, Doc. No. 6: Order)?

2. Does this Court have jurisdiction over Petitioner's claim under 28 U.S.C. § 2241, filed when he was confined in the Middle District of Pennsylvania, In re: Jones, 226 F.3d 328, 332 (4th Cir. 2000)("A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined."); United States v. Little, 392 F.3d 671, 677 (4th Cir. 2004) (determining district of confinement at the time petition was filed)?

3. If Petitioner may file a § 2241 in the district of his confinement, how can this Court issue a writ of error coram nobis when remedy may be available in that district?

4. If this Court has jurisdiction over Petitioner's § 2241 claim, how is Petitioner entitled to relief in light of the Fourth Circuit's decision in Farrow v. Revell, --- F. App'x ---, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (armed career criminal status not cognizable in a § 2241 petition)?

5. Given the Court's expressed concerns about the severity of the sentence, (Case No. 3:04-cr-250, Doc. No. 699: Sent. Hr'g Tr. 7), if relief under § 2255, § 2241, or writ of error coram nobis is not available, is there any other lawful means by which the Court could reduce Petitioner's sentence?

Signed: April 4, 2014

Robert J. Conrad, Jr.
United States District Judge